# EXHIBIT 1



**null / ALL**
**Transmittal Number: 31757701**
**Date Processed: 07/02/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | David Keim<br>SAS Institute Inc.<br>100 Sas Campus Dr<br>Cary, NC 27513-8617 |
| **Electronic copy provided to:** | Michele O'Tuel<br>Jay Teeter<br>Ashley Kirkman<br>Pat Brown<br>Kimberly Hartshorn |

| | |
|---|---|
| **Entity:** | SAS Institute Inc.<br>Entity ID Number  3821212 |
| **Entity Served:** | Sas Institute Inc. |
| **Title of Action:** | Allison L. Cordell vs. Sas Institute Inc. |
| **Matter Name/ID:** | Allison L. Cordell vs. Sas Institute Inc. (17553708) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Howard County Circuit Court, MD |
| **Case/Reference No:** | C-13-CV-25-000151 |
| **Jurisdiction Served:** | Maryland |
| **Date Served on CSC:** | 07/01/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Lebowitz Law Firm<br>910-232-0656 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**CIRCUIT COURT FOR HOWARD COUNTY**
**MARYLAND**

9250 Judicial Way, Ellicott City, Maryland, 21043

Civil: 410-313-3844
Criminal: 410-313-3822
Juvenile: 410-313-3827
Land Records: 410-313-5850
Calendar Office: 410-313-4185
Family Law: 410-313-2225

**To:** SAS INSTITUTE
SERVE: CSC-LAWYERS INCORPORATING SERVICE CO.
7 ST. PAUL STREET, SUITE 820
BALTIMORE, MD 21202

| | |
|---|---|
| **Case Number:** | C-13-CV-25-000151 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**ALLISON CORDELL VS. SAS INSTITUTE, ET AL.**

Issue Date: 6/23/2025

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

ALLISON L CORDELL
1201 Driver Road
Marriottsville, MD 21104

This summons is effective for service only if served within 60 days after the date it is issued.

*Wayne A Robey*

Wayne A. Robey
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

## SHERIFF'S RETURN
### (please print)

To:  SAS INSTITUTE

_____ ID# _____ of the _____
                    Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served  _____
                                        Name of person served

on _____ at _____
            Date of service                                            Location of service

_____ by _____  with the following:
                                                                  Manner of service

☐ Summons                                    ☐ Counter-Complaint

☐ Complaint                                  ☐ Domestic Case Information Report

☐ Motions                                    ☐ Financial Statement

☐ Petition and Show Cause Order              ☐ Interrogatories

☐ Other  _____
                                    Please specify

(2) Was unable to serve because:

☐ Moved left no forwarding address    ☐ No such address

☐ Address not in jurisdiction          ☐ Other
                                                          _____
                                                                         Please specify

Sheriff fee: $ _____    ☐ waived by _____

                    _____    _____
                              Date                  Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1.  This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4.  If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

Docusign Envelope ID: 76B355A2-4111-4E23-B84A-203013B73FE1

Deficient per Rule 20-203(d). Unless corrected, not a valid pleading or paper

## Request for Writ of Summons

**IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND**
**Allison L. Cordell, Plaintiff**
v.
**SAS Institute, Inc., and Jeffrey M. Schilz, Defendants**
**Case No.:**

## REQUEST FOR WRIT OF SUMMONS

To the Clerk of the Court:

Pursuant to the Maryland Rules of Civil Procedure, I, Allison L. Cordell, Plaintiff in the above-captioned matter, respectfully request that the Court issue a Writ of Summons to be served upon the following Defendants:

1. **SAS Institute, Inc.**
   100 SAS Corporate Drive
   Cary, NC 27513
2. **Jeffrey M. Schilz**
   155 Riverplace, Apt. 306
   Greenville, SC 29601

The summons should be issued in accordance with Maryland Rule 2-112 and returned for service upon the Defendants.

Respectfully submitted,

**Allison L. Cordell**
1201 Driver Rd, Marriottsville, MD 21104
910-232-0656
almcordell@gmail.com

DocuSigned by:

*Allison Cordell*                    2/19/2025
4B8530A4C35944C...
Signature                            Date

## IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

### CIVIL CASE INFORMATION REPORT

**Plaintiff:** Allison L. Cordell 1201 Driver Rd Marriottsville, MD 21104 Phone: 910-232-0656
Email: almcordell@gmail.com

**Defendants:** SAS Institute Inc. 100 SAS Corporate Drive Cary, NC 27513

Jeffrey M. Schilz 155 Riverplace, Apt 306 Greenville, SC 29601

### CASE TYPE (Check all that apply)

☑Defamation (Slander) (**CV 018**)
☑Negligence (**CV 010**)
☑Wrongful Termination (**CV 046**)

### NATURE OF SUIT:

☑Tort – Defamation (Slander)
☑Tort – General Negligence
☑Employment – Wrongful
Termination

### RELIEF SOUGHT:

☑Monetary Damages
☑Declaratory Relief
☑Injunctive Relief

**CASE FACTS & SUMMARY:** Plaintiff brings this suit against Defendants for defamation, negligence, and wrongful termination. The Defendants made false and damaging statements about Plaintiff's qualifications, performance, and employment status, causing reputational harm, emotional distress, and financial loss. Plaintiff was terminated under wrongful and retaliatory circumstances, and these false reports further affected her ability to secure future employment.

**JURY DEMAND:**

☑ Yes
☐ No

---

## ESTIMATED LENGTH OF TRIAL:

☐ 1–2 days
☑ 3–5 days
☐ More than 5 days

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR):

☑ Mediation Requested
☐ Settlement Conference Requested

---

SIGNATURE: *Alli s Modell*

Date: __2/19/25__

**Allison L. Cordell** Plaintiff

# IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

**Allison L. Cordell, Plaintiff**

v.

**SAS Institute Inc. and Jeffrey Schilz, Defendants**

**Case No.:**

# COMPLAINT FOR DEFAMATION (SLANDER - NEGLIGENCE STANDARD) AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff, Allison L. Cordell, by and through undersigned counsel, files this Complaint against Defendants SAS Institute Inc. ("SAS") and Jeffrey Schilz, and states as follows:**

---

## INTRODUCTION

1. This is a civil action for **Defamation (Slander - Negligence Standard) and Intentional Infliction of Emotional Distress (IIED)** arising from false and defamatory statements made by Defendant Jeffrey Schilz, acting within the scope of his employment at SAS, which harmed Plaintiff's professional reputation, employment opportunities, and emotional well-being.
2. Defendant Schilz made knowingly false statements about Plaintiff's professional qualifications and job performance, including to colleagues and third parties, with reckless disregard for the truth.
3. Defendants' defamatory statements and conduct were so **extreme, outrageous, and reckless** that they caused Plaintiff **severe emotional distress**, including humiliation, anxiety, and significant reputational harm.

---

## JURISDICTION AND VENUE

4. Plaintiff, **Allison L. Cordell**, is a resident of **Howard County, Maryland**.
5. Defendant SAS Institute Inc. is a corporation conducting business in Maryland.
6. Defendant Jeffrey Schilz is an employee and supervisor at SAS, acting within the scope of his employment.
7. Jurisdiction is proper in this Court under Maryland law, as the defamatory statements and wrongful conduct were committed in Maryland.
8. Venue is proper in this Court as the events giving rise to this claim occurred in **Howard County, Maryland**.

---

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by SAS as **Sr. Account Executive** and **fully qualified** for the role based on her experience and credentials.
10. During the course of Plaintiff's employment, Defendant Jeffrey Schilz **knowingly and falsely stated** that:
- Plaintiff was **unqualified** for her role, despite her clear qualifications.
- Plaintiff's **sales targets and forecasts were inaccurate**, when in fact they were accurate and properly substantiated.
- Plaintiff **failed to meet performance expectations**, despite meeting key metrics and contributing effectively.
11. Defendant **communicated these false statements to third parties**, including:
- **Colleagues at SAS**, damaging Plaintiff's reputation within the company.
- **Prospective employers**, negatively affecting Plaintiff's ability to secure future employment.
- The **unemployment office**, resulting in unnecessary scrutiny of Plaintiff's eligibility for unemployment benefits.
12. Defendant's statements were **false and made with negligence**, without proper verification or due diligence, leading to **substantial harm** to Plaintiff.
13. As a result of these false statements, Plaintiff has suffered:
- **Loss of professional reputation**
- **Severe emotional distress, including humiliation and anxiety**
- **Lost wages and employment opportunities**

## COUNT I – DEFAMATION (SLANDER - NEGLIGENCE STANDARD)

14. Plaintiff incorporates by reference all preceding paragraphs.
15. Defendants **made false and defamatory oral statements** about Plaintiff's qualifications, job performance, and sales targets.
16. These statements were communicated to third parties, causing **significant harm** to Plaintiff's reputation and career.
17. Defendants failed to exercise **due care** in verifying the accuracy of their statements, **meeting the negligence standard** for defamation.
18. As a direct and proximate result of these false statements, Plaintiff has suffered:
- Loss of professional reputation
- Emotional distress and humiliation
- Lost wages and employment opportunities

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Defendants' conduct—including **spreading false statements, publicly undermining Plaintiff's professional credibility, and causing reputational damage**—was **extreme and outrageous**.
21. Defendants acted with **intent or reckless disregard** to inflict severe emotional distress on Plaintiff.
22. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:
- **Severe emotional distress**, including humiliation, anxiety, and reputational damage
- **Mental anguish and suffering** beyond what a reasonable person should be expected to endure
23. Defendants' actions were so extreme that they **shocked the conscience** and exceeded the bounds of decency in a professional setting.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Compensatory damages** in an amount to be determined at trial for loss of reputation, emotional distress, and economic damages.
2. **Punitive damages** for the reckless and negligent conduct of Defendants.
3. **An injunction** preventing further defamatory statements by Defendants.
4. **Any further relief** the Court deems just and proper.

**DATED:** 2/19/2025

**Respectfully submitted,**

Allison Cordell
almcordell@gmail.com
910-232-0656

## Verification Statement

**STATE OF MARYLAND**
**COUNTY OF HOWARD**

I, **Allison L. Cordell**, being duly sworn, depose and state under penalty of perjury that I have read the foregoing **Complaint for Defamation (Slander), Negligence, and Wrongful Termination**, and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

I understand that providing false information in this document may subject me to penalties for perjury under Maryland law.

Date: _2/19/25_
Signature: _Allison M Cordell_
**Allison L. Cordell**

**Notary Public**
Subscribed and sworn before me on this __19th__ day of __February__, 2025, by Allison L. Cordell, who has affirmed that the statements made herein are true and correct.

**Notary Public Signature:** _Jaiita Patel_
**My Commission Expires:** _Oct 07, 2026_

**JAINITA PATEL**
Notary Public
Howard County
Maryland
My Commission Expires Oct. 7, 2026



**CIRCUIT COURT FOR HOWARD COUNTY**
**MARYLAND**
9250 Judicial Way, Ellicott City, Maryland, 21043

Main: 410-313-2111
Civil: 410-313-3844
Criminal: 410-313-3822
Juvenile: 410-313-3827
Land Records: 410-313-5850
Calendar Office: 410-313-4185
Family Law: 410-313-2225

**To:** ALLISON L CORDELL
1201 DRIVER ROAD
MARRIOTTSVILLE, MD 21104

**Case Number:** C-13-CV-25-000151
**Other Reference Number(s):**

**ALLISON CORDELL VS. SAS INSTITUTE, ET AL.**

Date: 2/21/2025

## MDEC DEFICIENCY NOTICE
### (Md. Rules Title 20)

To **Allison L Cordell**: You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are: Complaint      02/20/2025.**

☒ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(s).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

Case Number: C-13-CV-25-000151

Other Reference Number(s):

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ CONSOLIDATED CASES: The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Other - Every pleading filed shall contain a caption setting forth (1) the parties, or where appropriate, the matter, (2) the name of the court, (3) the assigned docket reference/case number, and (4) a brief descriptive title of the pleading or paper which indicates its nature. An original pleading shall contain the names and addresses, including zip codes. If the address of a party is unknown, the pleading shall state so. (Md. Rule 1-301(a).)

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 2/21/2025 with envelope 20005180.**

*Wayne A. Robey*

Wayne A. Robey
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

_____     _____
Date                        Judge

cc:

    Allison L Cordell

IN THE CIRCUIT COURT FOR <u>Howard County</u>
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
    *Defendant:* You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT     CASE NUMBER <u>C-13-CV-25-000151</u>
(Clerk to insert)

**CASE NAME:** <u>Allison Cordell</u>    vs.    <u>SAS Institute, et al</u>
    Plaintiff             Defendant

**PARTY'S NAME:** <u>Allison Cordell</u>     **PHONE:** <u>9102320656</u>

**PARTY'S ADDRESS:** <u>1201 Driver Rd., Marriottsville MD 21104</u>

**PARTY'S E-MAIL:** <u>almcordell@gmail.com</u>

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** _____ **PHONE:** _____

**PARTY'S ATTORNEY'S ADDRESS:** _____

**PARTY'S ATTORNEY'S E-MAIL:** _____

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** <u>18</u> hours <u>3</u> days

### PLEADING TYPE

**New Case:** ☒ Original    ☐ Administrative Appeal    ☐ Appeal
**Existing Case:** ☐ Post-Judgment    ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☒ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☒ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

**CC-DCM-002** (Rev. 12/2022)        Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☒ Injunction
- ☐ Judgment-Affidavit
- ☒ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☒ Judgment-Declaratory

- ☐ Judgment-Default
- ☒ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order

- ☒ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.     ☐ Liability is not conceded, but is not seriously in dispute.     ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☒ Medical Bills $ 3421 _____     ☒ Wage Loss $ 1,872,904 _____     ☐ Property Damages $ _____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| A. Mediation | ☒ Yes ☐ No | C. Settlement Conference | ☒ Yes ☐ No |
| B. Arbitration | ☐ Yes ☒ No | D. Neutral Evaluation | ☐ Yes ☒ No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*

*(Case will be tracked accordingly)*

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☒ 3 days of trial time
- ☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❑ **Expedited** - Trial within 7 months of Defendant's response

❑ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ❑ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❑ Civil-Short | Trial 210 days from first answer. |
| ❑ Civil-Standard | Trial 360 days from first answer. |
| ❑ Custom | Scheduling order entered by individual judge. |
| ❑ Asbestos | Special scheduling order. |
| ❑ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ❑ Tax Sale Foreclosures | Special scheduling order. |
| ❑ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ❑ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❑ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❑ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❑ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

3/5/25
_____
Date

_____
Signature of Attorney / Party

Allison Cordell
_____
Printed Name

_____
Attorney Number

1201 Driver Rd
_____
Address

Marriottsville        MD        21104
_____
City              State        Zip Code

# IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

**Allison L. Cordell,**
**1201 Driver Rd, Marriottsville, MD 21104**
**Plaintiff,**

**v.**

**SAS Institute Inc.,**
**100 SAS Corporate Drive, Cary, NC 27513**

**Jeffrey M. Schilz,**
**155 Riverplace #306, Greenville, SC 29601**
**Defendants.**

**Case No.: C-13-CV-25-000151**

## COMPLAINT FOR DEFAMATION (SLANDER - NEGLIGENCE STANDARD) AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff, Allison L. Cordell, files this Complaint against Defendants SAS Institute Inc. ("SAS") and Jeffrey Schilz, and states as follows:**

## INTRODUCTION

1. This is a civil action for **Defamation (Slander - Negligence Standard) and Intentional Infliction of Emotional Distress (IIED)** arising from false and defamatory statements made by Defendant Jeffrey Schilz, acting within the scope of his employment at SAS, which harmed Plaintiff's professional reputation, employment opportunities, and emotional well-being.
2. Defendant Schilz made knowingly false statements about Plaintiff's professional qualifications and job performance, including to colleagues and third parties, with reckless disregard for the truth.
3. Defendants' defamatory statements and conduct were so **extreme, outrageous, and reckless** that they caused Plaintiff **severe emotional distress**, including humiliation, anxiety, and significant reputational harm.

## JURISDICTION AND VENUE

4. Plaintiff, **Allison L. Cordell**, is a resident of **Howard County, Maryland.**
5. Defendant SAS Institute Inc. is a corporation conducting business in Maryland.

6. Defendant Jeffrey Schilz is an employee and supervisor at SAS, acting within the scope of his employment.
7. Jurisdiction is proper in this Court under Maryland law, as the defamatory statements and wrongful conduct were committed in Maryland.
8. Venue is proper in this Court as the events giving rise to this claim occurred in **Howard County, Maryland.**

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by SAS as **Sr. Account Executive** and **fully qualified** for the role based on her experience and credentials.
10. During the course of Plaintiff's employment, Defendant Jeffrey Schilz **knowingly and falsely stated** that:
- Plaintiff was **unqualified** for her role, despite her clear qualifications.
- Plaintiff's **sales targets and forecasts were inaccurate,** when in fact they were accurate and properly substantiated.
- Plaintiff **failed to meet performance expectations,** despite meeting key metrics and contributing effectively.
11. Defendant **communicated these false statements to third parties,** including:
- **Colleagues at SAS,** damaging Plaintiff's reputation within the company.
- **Prospective employers,** negatively affecting Plaintiff's ability to secure future employment.
- The **unemployment office,** resulting in unnecessary scrutiny of Plaintiff's eligibility for unemployment benefits.
12. Defendant's statements were **false and made with negligence,** without proper verification or due diligence, leading to **substantial harm** to Plaintiff.
13. As a result of these false statements, Plaintiff has suffered:
- **Loss of professional reputation**
- **Severe emotional distress, including humiliation and anxiety**
- **Lost wages and employment opportunities**

## COUNT I – DEFAMATION (SLANDER - NEGLIGENCE STANDARD)

14. Plaintiff incorporates by reference all preceding paragraphs.
15. Defendants **made false and defamatory oral statements** about Plaintiff's qualifications, job performance, and sales targets.
16. These statements were communicated to third parties, causing **significant harm** to Plaintiff's reputation and career.
17. Defendants failed to exercise **due care** in verifying the accuracy of their statements, **meeting the negligence standard** for defamation.
18. As a direct and proximate result of these false statements, Plaintiff has suffered:
- Loss of professional reputation

- Emotional distress and humiliation
- Lost wages and employment opportunities

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

19. Plaintiff incorporates by reference all preceding paragraphs.
20. Defendants' conduct—including **spreading false statements, publicly undermining Plaintiff's professional credibility, and causing reputational damage**—was **extreme and outrageous.**
21. Defendants acted with **intent or reckless disregard** to inflict severe emotional distress on Plaintiff.
22. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:
- **Severe emotional distress,** including humiliation, anxiety, and reputational damage
- **Mental anguish and suffering** beyond what a reasonable person should be expected to endure
23. Defendants' actions were so extreme that they **shocked the conscience** and exceeded the bounds of decency in a professional setting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Compensatory damages** in an amount to be determined at trial for loss of reputation, emotional distress, and economic damages.
2. **Punitive damages** for the reckless and negligent conduct of Defendants.
3. **An injunction** preventing further defamatory statements by Defendants.
4. **Any further relief** the Court deems just and proper.

**DATED:** 2/19/2025

**CORRECTED:** 3/5/2025

**Respectfully submitted,**

Allison Cordell
almcordell@gmail.com
910-232-0656

E-FILED; Howard Circuit Court
Docket: 3/5/2025 8:26 PM; Submission: 3/5/2025 8:26 PM
Envelope: 20235049

## IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

**Allison L. Cordell,**
**1201 Driver Rd, Marriottsville, MD 21104**
**Plaintiff,**

**v.**

**SAS Institute Inc.,**
**100 SAS Corporate Drive, Cary, NC 27513**

**Jeffrey M. Schilz,**
**155 Riverplace #306, Greenville, SC 29601**
**Defendants.**

**Case No.: C-13-CV-25-000151**

## Verification Statement

I, **Allison L. Cordell**, being duly sworn, depose and state under penalty of perjury that I have read the foregoing **Complaint for Defamation (Slander), Negligence, and Wrongful Termination**, and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

I understand that providing false information in this document may subject me to penalties for perjury under Maryland law.

Date: 3/5/25
Signature: *Allison Cordell*
**Allison L. Cordell**

**Notary Public**
Subscribed and sworn before me on this 5th day of March, 2025, by **Allison L. Cordell**, who has affirmed that the statements made herein are true and correct.

**Notary Public Signature:** *[signature]*
**My Commission Expires:** DEC 20, 2025

FNU ANIL KUMAR
Notary Public - State of Maryland
Howard County
My Commission Expires Dec 20, 2025



**CIRCUIT COURT FOR HOWARD COUNTY MARYLAND**
9250 JUDICIAL WAY
ELLICOTT CITY, MARYLAND 21043
Main: 410-313-2111 Civil: 410-313-3844 Criminal: 410-313-3822 Juvenile: 410-313-3827 Land Records: 410-313-5850 Calendar Office: 410-313-4185 Family Law: 410-313-2225

|  |  |
|---|---|
| **Case Number:** | **C-13-CV-25-000151** |
| **Other Reference Numbers:** |  |

Allison Cordell vs. SAS Institute, et al.

## SCHEDULING ORDER

This Order is your official notice of dates established pursuant to this Courts Differentiated Case Management Plan. The above case has been assigned to the <u>EXTENDED TRACK</u>. ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION AND FILED BEFORE THE COMPLIANCE DATE(S). The motion must provide good cause to justify the requested modification. Stipulations between the parties and/or their counsel shall not change any deadline in this Scheduling Order absent Court approval.

It is hereby ORDERED that the following events shall occur by the following dates:

1. Plaintiff's Experts shall be identified by 10/04/2025. Pursuant to Md. Rule 2-402(g), any designation shall include the following: (i) the subject matter on which the expert is expected to testify at trial; (ii) the substance of the findings and the opinions to which the expert is expected to testify and a summary of grounds for each opinion; and (iii) the production of any written report made by the expert concerning those findings and opinions.

2. Defendant's Experts shall be identified by 12/03/2025. Pursuant to Md. Rule 2-402(g), any designation shall include the following: (i) the subject matter on which the expert is expected to testify at trial; (ii) the substance of the findings and the opinions to which the expert is expected to testify and a summary of grounds for each opinion; and (iii) the production of any written report made by the expert concerning those findings and opinions.

3. Rebuttal expert witnesses shall be identified by 12/16/2025. Pursuant to Md. Rule 2-402(g), any designation shall include the following: (i) the subject matter on which the expert is expected to testify at trial; (ii) the substance of the findings and the opinions to which the expert is expected to testify and a summary of grounds for each opinion; and (iii) the production of any written report made by the expert concerning those findings and opinions.

4. All discovery shall be commenced so as to be concluded by 01/31/2026. The filing of a motion to compel or a motion for protective order will not result in a general extension of the discovery deadline. All parties are advised that this Court will enforce the Discovery Guidelines of the State Bar as set forth in the Maryland Rules when resolving discovery disputes. Extensions of time to answer specific discovery must be approved by Court Order for good cause shown. Failure to timely respond to discovery fully and completely because the discovery deadline is not imminent, or for any other reason lacking merit, will subject the offending party to sanctions, including attorney's fees.

5. All amended pleadings must be filed by 12/09/2025.

6. All motions (except motions in limine), including dispositive motions, must be filed by 02/15/2026.

7. Objections to portions of testimony on videotape, (including de bene esse depositions), for which a party seeks ruling by the Court for purposes of trial shall be submitted no later than 30 days prior to trial. Any opposition should be submitted within 10 days thereafter. Failure to timely follow these requirements may result in any such objection being considered waived.

8. Notice of intent to use computer-generated evidence at trial must be given 30 days prior to trial.

9. Parties are to exchange draft pretrial statements on or before 03/06/2026. A final joint pretrial statement, witness list and list of exhibits shall be filed with the court on or before 03/13/2026.

10. Court ordered Mediation shall be completed by 03/01/2026. An Order for Mediation will be mailed to all counsel and unrepresented parties.

11. Parties shall attend any court ordered Settlement Conference by 03/21/2026. An Order for Pretrial Settlement Conference will be mailed to all counsel and unrepresented parties. If the parties are not ordered to attend Mediation or Settlement Conference, the case will be scheduled for trial. If settlement is not reached as a result of Mediation or Pretrial Settlement Conference, counsel and any unrepresented parties will be directed to the Calendar Management Office to obtain a trial date.

12. In cases when a jury trial has been prayed, a joint pretrial statement, requested voir dire, motions in limine, proposed jury instructions and proposed verdict sheet shall be submitted one week prior to trial. If using Maryland Pattern Jury Instructions (MPJI), it is only necessary to submit the MPJI numbers. The text of any other proposed jury instructions(s) must be provided to the Court as well as the legal authority for such instructions.

Failure to abide by this order will subject the non-complying counsel, party, or both to appropriate sanctions.

|        |                             |
|--------|-----------------------------|
| 3/6/2025 | *William V. Tucker* |
| Date   | William V. Tucker           |
|        | County Administrative Judge |

cc:   Allison L Cordell
      Sas Institute
      Jeffrey M Schilz

Entered: Clerk, Circuit Court for
Howard County, MD
March 6, 2025

**Need for Accommodation or Interpreter:** If any attorney or party who is required to appear before the Court is in need of an accommodation under the Americans with Disability Act or needs an interpreter, please contact the Court at 410-313-2028 or the Administrative Judge's Office at 410-313-2143.



# LEBOWITZ LAW FIRM

5850 WATERLOO ROAD
SUITE 140
COLUMBIA, MD 21045
410-730-9010

**NEIL R. LEBOWITZ**
ADMITTED IN MD & DC
neil@lebowitzlegal.com

SAS Institute Inc.
c/o CSC-Lawyers Incorporating Service Co.
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202

Mr. Jeffrey M. Schilz
155 Riverplace, Unit 306
Greenville, South Carolina 29601

RE:    *Allison L. Cordell v. SAS Institute Inc., et al.*
       Case No.: C-13-CV-25-000151

Dear SAS Institute Inc. and Mr. Schilz:

Please be advised that my firm and I represent Plaintiff Allison L. Cordell in the above-referenced case. I am writing you this letter to inform you of two issues that warrant your attention given that you have now been served with process in relation to said case.

First, please be advised that Ms. Cordell's Complaint will be amended in the coming weeks due primarily to the need to add claims associated with the allegations set forth in her currently-administratively-pending Charge of Discrimination.

Second, upon your receipt of this letter, please feel free to contact me, either directly or through counsel if you have retained counsel in this matter, should you wish to discuss the possibility of an amicable resolution of the parties' dispute in advance of costly and protracted litigation.

Thank you for your attention to this matter.

Very truly yours,

*/s/ Neil R. Lebowitz*

Neil R. Lebowitz

cc:    Allison L. Cordell

IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | | |
|---|---|---|
| ALLISON L. CORDELL | * | |
| Plaintiff | * | |
| v. | * | Case No.: C-13-CV-25-000151 |
| SAS INSTITUTE INC.., et al. | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## FIRST SET OF INTERROGATORIES

Plaintiff Allison Cordell, by and through her undersigned counsel and pursuant to Maryland Rule 2-421, hereby requests that Defendants <u>each</u> <u>respond</u> <u>separately</u> to the following Interrogatories under oath.

## DEFINITIONS AND INSTRUCTIONS

A. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof including a description of all relationships to other events. Unless otherwise specified, these Interrogatories refer to the dates, times, and places associated with the matters complained of in the Complaint.

B. "Documents," "records," or "writings" are intended to have the broadest possible meaning and include, without limitation, anything coming within the scope of discovery set forth in the Maryland Rules. As used herein, the term "document" means, without limitation, the following items whether printed or written or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, correspondence, telegrams, facsimiles, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of any meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, graphs, letters, accounts, objects, minutes of directors or committee meetings, interoffice communications, studies, written forecasts, projects, analyses, contracts, guarantee agreements, licenses, ledgers, books of accounts, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets,

abstracts of bids, stenographers' notebooks, calendars, appointment books, time sheets or logs, job or transaction files, computer printouts or papers or electronic files or memory similar to any of the foregoing, any marginal comments appearing on any document, and any other writings.

C. "Identify," "identity," or "identification," when used herein with reference to a document, means and requires a description of the document by (1) title; (2) date; (3) subject matter; (4) type of document (letter, memorandum, report, chart); (5) name(s) of person(s) who wrote, signed, initialed, dictated or otherwise participated in the creation of same; (6) the name(s) of the addressee(s) (if any), including separately and "cc" or "bc" addressed; and (7) the name(s) and address(es) of each person having possession, custody or control of such document(s). If any such document is no longer in your possession or subject to your control, state what disposition was made of it, and identify its current location, including the location of each copy, and the identity of persons with possession or custody thereof.

D. "Identify," "identity," or "identification," when used herein with reference to a natural person, means and requires a statement of (1) his or her full name; (2) present or last known residence and telephone number; (3) present or last known employer and business address; (4) last know e-mail address(es); and (5) a statement of the position (i.e., employment, title) that he or she held during the time in question.

E. "Identify," "identity," or "identification," when referring to a communication, meeting, act, occurrence, statement, or conduct (hereinafter collectively called "act"), means and requires (1) a description of the substance of the event or events constituting such act and the date when such act occurred; (2) the identification of each and every person participating in such act; (3) the identification of all other persons present when such act occurred; (4) a statement of whether any minutes, notes, memorandum(a) or other record of such act was made; (5) a statement of whether such record now exists; and (6) the identification of the person(s) presently having possession, custody, or control of each document.

F. "Identify," "identity," or "identification," when referring to an entity or person, other than a natural person, means and requires a statement of the full name of such entity or person and the address of its principal office.

G. "Person," "entity," "anyone," and "individual" shall be interpreted to include natural persons; corporations; partnerships; unincorporated associations; joint ventures; public and quasi-public corporations, agencies, commissions, funds, divisions, and departments; governmental and quasi-governmental corporations, agencies, commissions, funds, divisions, and departments and any other legal or business organizations, or governmental or quasi-governmental organizations; as well as all divisions, departments, or other units or sub-units thereof.

2

H. "Relate" or "relating to" means directly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

I. "You" or "your" shall be interpreted to mean Defendants, individually and/or collectively, and all attorneys, accountants, employees, agents, servants, and other persons employed by, acting on behalf of, or under the control of any Defendant.

J. Without limiting the term "control," a document is deemed to be within your control if you at any time have had any ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or entity having physical possession thereof, including agents, attorneys, or other parties, whether or not it was generated by you.

K. Where a particular document is described, such description shall be deemed to include any and all drafts.

L. "And" and "or" are used in their most inclusive sense and as an alternate to "and/or," and are not to be interpreted as providing an option to produce one document or another.

M. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. In each such instance, the document request shall be construed so as to furnish the most complete and inclusive response.

N. If and to the extent that you claim one (1) or more privilege(s) as ground(s) for not producing any or all of the requested documents, or responding fully to one or more Interrogatories, please provide a list specifying each document for which privilege is claimed, together with the following information:

(1) The author(s) or signer(s) of the document;
(2) The name and job title of each person who received or was designated to receive a copy of the document;
(3) The subject matter of the document;
(4) All factual and all legal bases for each claim of privilege; and
(5) The discovery request to which each such document is responsive so as to permit the Court to understand and adjudicate the merits of each claim of privilege.

3

O. If you object or refuse to produce any or all of the requested documents on ground(s) other than privilege, please describe separately, fully, and with particularity the ground(s).

P. If any document requested herein was at one time in existence and under your possession, custody, or control but has been lost, discarded or destroyed, or has been removed from your possession, custody, or control, with respect to each such document:

(1) Identify and describe such document by date, title, and subject of document;
(2) State when each such document was most recently in your possession, custody or control and what disposition was made of such document, including an identification of the person, if any, presently in possession, custody, or control of such document;
(3) State when such document was transferred or destroyed, the identity of the person(s) who transferred or destroyed such document, and the person(s) who authorized or directed that the document be transferred or destroyed, and state the reason such document was transferred or destroyed; and
(4) Identify all persons having knowledge of the contents thereof.

Q. These discovery requests shall be deemed to be continuing, so as to require supplemental responses whenever you or your attorney(s) come into possession of responsive documents or information that previously have not been produced in response to these discovery requests. Such supplemental answers/responses are to be produced as soon as reasonably possible after they become known or available to you.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify each person who supplied information used in answering these Interrogatories. For each person so identified, provide a summary of the information known to them.

INTERROGATORY NO. 2: List all positions held by Plaintiff during the time of her employment with you, the dates said positions were held, the duties entailed in each position, and the total number of hours worked by Plaintiff, each week, in each such position during her employment with you. Identify all documents relating thereto.

4

INTERROGATORY NO. 3: State the amount of all wages and/or other forms of compensation paid to Plaintiff by you, per week, throughout her period employment.

INTERROGATORY NO. 4: Identify all persons who supervised and/or directed Plaintiff in relation to the performance of her duties for all positions identified above in your Answer to Interrogatory No. 2, and the dates of said supervision or direction.

INTERROGATORY NO. 5: If you expect to call any expert witnesses at the time of trial of this action, please identify each expert witness, the subject matter of his or her testimony, the substance of the opinions to which he or she is expected to testify, and a summary of the grounds of each such opinion. Produce a copy of the curriculum vitae of the expert, which should include educational background and degrees held by such witness, other specific cases in which he or she has testified as an expert and for what purpose, and a copy of any report rendered by such expert in this matter.

INTERROGATORY NO. 6: Identify each person with personal knowledge of any fact or facts related directly or indirectly to any claim or defense in this action or any issue in this case, and, for each of the persons identified, state the scope of that person's knowledge by describing each of the facts related to any claim or defense in this action or any issue in this case about which the person has personal knowledge, state how the person acquired that knowledge, the issues in the case to which the knowledge relates, and the precise substance of the knowledge.

INTERROGATORY NO. 7: If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action,

provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

INTERROGATORY NO. 8: Identify all persons who have given you written, recorded, or oral statements concerning the matters at issue in this case. For each written or recorded statement, state the date on which it was given and identify its custodian.

INTERROGATORY NO. 9: If you contend that Plaintiff made any admissions against interest, identify the exact date, place, and time of all such alleged admissions, the complete names, home addresses, home telephone numbers, work addresses, and work telephone numbers of all individuals whom you contend were present when the admission was made, and the exact language of the alleged admission(s).

INTERROGATORY NO. 10: State the substance of all telephonic, electronic, or in person discussions concerning any of the matters at issue in this case that your current or former agents, servants, or employees had with Plaintiff or with each other. State when and where each such discussion took place and identify all persons who were speaking or otherwise present.

INTERROGATORY NO. 11: State the substance of all telephonic, electronic, or in person discussions concerning any of the matters at issue in this case that your current or former agents, servants, or employees had with anyone not a party to this case, other than their own counsel. Include in your answer the date and location where each such discussion took place and identify the person(s) who were speaking.

INTERROGATORY NO. 12: For each of the affirmative defenses set forth in your Answer, state all facts which support each such defense, identify all persons with personal knowledge of such facts, and state the precise substance of that person's knowledge.

INTERROGATORY NO. 13: Identify all current or former employees (including their full name, last known address, and last known phone number(s)) who, within the last 10 years, filed a Charge of Discrimination against you with the EEOC or any state or local fair employment practices agency and set forth the nature of the allegations asserted by said employee, the date of filing of the Charge, any filing number associated with the Charge, the name of the agency with which it was filed, and the outcome of the matter.

INTERROGATORY NO. 14: Provide a complete list of all employees who worked at any time directly with Plaintiff during her tenure as your employee. Include in your answer their full names, current or last known addresses, current or last known cell and landline phone numbers, and current or last know personal email addresses.

_/s/ Neil R. Lebowitz_
Neil R. Lebowitz
Lebowitz Law Firm
5850 Waterloo Road, Suite 140
Columbia, Maryland 21045
neil@lebowitzlegal.com
410-730-9010
Counsel for Plaintiff Allison L. Cordell

IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | | |
|---|---|---|
| ALLISON L. CORDELL | * | |
| Plaintiff | * | |
| v. | * | Case No.: C-13-CV-25-000151 |
| SAS INSTITUTE INC., et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Allison Cordell, by and through her undersigned counsel and pursuant to Maryland Rule 2-422, hereby requests that, in accordance with said Rule, Defendants each produce the documents sought below for inspection and copying at the Lebowitz Law Firm, 5850 Waterloo Road, Suite 140, Columbia, MD 21045. In the alternative, Defendants may provide legible copies of said documents to the Lebowitz Law Firm via mail within that same timeframe.

### DEFINITIONS AND INSTRUCTIONS

Defendants are hereby referred to the "Definitions and Instructions" contained in Plaintiff's First Set of Interrogatories, served contemporaneously herewith, which are incorporated by reference as if fully set forth herein. As a reminder, the definition of "you" or "your" in said "Definitions and Instructions" was as follows: "'You' or 'your' shall be interpreted to mean Defendants, individually and/or collectively, and all attorneys, accountants, employees, agents, servants, and other persons employed by, acting on behalf of, or under the control of any Defendant."

Additionally, the Requests below should be read as obligating you to produce both electronic and paper formats of the various documents being sought as well as all prior drafts, deleted files, and file fragments thereof. Finally, in making these Requests, be advised that Plaintiff is not seeking any documents legitimately protected by the attorney-client privilege.

## DOCUMENTS TO BE PRODUCED

1.     All documents identified, referred to, or utilized in any way in compiling your answers to Plaintiff's Interrogatories.

2.     All documents or other tangible things you intend to rely upon to support a position that you have taken or intend to take in the action.

3.     All documents relating to any expert whom you intend to call to testify as a witness at trial regarding any aspect of Plaintiff's claims against you, including, but not limited to, any of his/her curriculum vitaes, expert reports, notes, memoranda, emails, letters, and other correspondence.

4.     All documents referring or relating to any admissions or statements made by Plaintiff, or by any alleged representative of Plaintiff, relating to any of the matters that are at issue in this case.

5.     All emails, texts, documented phone calls, letters, correspondence, or other documented communications between Plaintiff and you regarding Plaintiff and/or any of the matters that are at issue in this case.

6.     All emails, texts, documented phone calls, letters, correspondence, or other documented communications sent or received by you (including those to or from any of your current or former agents, servants, or employees) which refer or relate in any way to Plaintiff and/or any of the matters that are at issue in this case.

7.     All documents received or obtained by any means, including via subpoena, from any third party which refer or relate in any way to Plaintiff and/or any of the matters that are at issue in this case.

8.     All transcripts or recordings, either audio and/or video, of the spoken words of any person or persons relating to Plaintiff and/or any of the matters that are at issue in this case.

9.     All photographs, videotapes or audiotapes, diagrams, plats, computer generated graphics, or other graphical representations of information concerning Plaintiff and/or any of the matters that are at issue in this case.

10.     All documents relating to Plaintiff's employment with you, including, but not limited to: documents related to her hiring; her entire personnel file; documents related to the terms and conditions of Plaintiff's employment; job description; an employee handbook; your policies and procedures manual; documents relating in any way to disciplinary actions, reprimands, or counseling of Plaintiff; documents related to Plaintiff's job performance; documents relating to the quality or quantity of Plaintiff's work; informal

notes or write ups; documents relating in any way to quarterly reviews, annual reviews, and/or bonus payments; any working file maintained by any supervisor or co-worker of Plaintiff about Plaintiff; and all correspondence or complaints exchanged between Plaintiff and you.

11.    All documents which relate in any way to the manner and extent to which Plaintiff was compensated for her work, including, but not limited to: time and attendance records, time sheets, payroll records, cancelled checks, copies of checks made payable to Plaintiff, records of hours worked, records of changes in pay, other records of payment received by Plaintiff, W-2's, and 1099's.

12.    All documents relating to Plaintiff's non-wage employment benefits, their value to Plaintiff, and the cost to you therefor, including, but not limited to, health insurance, retirement contributions, gratuities, meals, reimbursement of expenses, and other perquisites with respect to which Plaintiff was eligible, or which she actually received, at any time during her employment with you.

13.    All documents which refer to, relate to, or constitute any formal or informal complaints lodged against you within the last 10 years by any person concerning an alleged defamatory, discriminatory, or retaliatory action or inaction by you.

14.    All documents, emails, texts, correspondence, notes, letters, and the like submitted by you to anyone at a fair employment practice agency or received by you from anyone at such an agency which refer or relate to Plaintiff and/or any of the matters which are at issue in this case.

15.    All insurance policies under which an insurance carrier might satisfy part or all of a judgment that might be entered in this action or indemnify or reimburse for payments made to satisfy the judgment.

16.    Any journal, diary, notebook, calendar, or other written record in which Plaintiff and/or any of the matters at issue in this case are mentioned or referenced.

17.    All documents which refer or relate to any of the affirmative defenses set forth in your Answer to the Complaint.

_____/s/  Neil R. Lebowitz_____
Neil R. Lebowitz
Lebowitz Law Firm
5850 Waterloo Road, Suite 140
Columbia, Maryland 21045
neil@lebowitzlegal.com
410-730-9010
Counsel for Plaintiff Allison L. Cordell

3

IN THE CIRCUIT COURT FOR _____
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

| DIRECTIONS |
|---|
| ***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a). |
| ***Defendant:*** You must file an Information Report as required by Rule 2-323(h). |
| ***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*** |

**FORM FILED BY:** ❑ PLAINTIFF ❑ DEFENDANT          CASE NUMBER _____
(Clerk to insert)

**CASE NAME:** _____ vs. _____
Plaintiff                                                        Defendant

**PARTY'S NAME:** _____ PHONE:_____

**PARTY'S ADDRESS:** _____

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** _____ PHONE: _____

**PARTY'S ATTORNEY'S ADDRESS:** _____

**PARTY'S ATTORNEY'S E-MAIL:** _____

**JURY DEMAND?** ❑ Yes ❑ No

**RELATED CASE PENDING?** ❑ Yes ❑ No If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours _____ days

| PLEADING TYPE |
|---|

**New Case:** ❑ Original ❑ Administrative Appeal ❑ Appeal
**Existing Case:** ❑ Post-Judgment ❑ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

| IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*) |
|---|

**TORTS**
- ❑ Asbestos
- ❑ Assault and Battery
- ❑ Business and Commercial
- ❑ Conspiracy
- ❑ Conversion
- ❑ Defamation
- ❑ False Arrest/Imprisonment
- ❑ Fraud
- ❑ Lead Paint – DOB of Youngest Plt:_____
- ❑ Loss of Consortium
- ❑ Malicious Prosecution
- ❑ Malpractice-Medical
- ❑ Malpractice-Professional
- ❑ Misrepresentation
- ❑ Motor Tort
- ❑ Negligence
- ❑ Nuisance
- ❑ Premises Liability
- ❑ Product Liability
- ❑ Specific Performance
- ❑ Toxic Tort
- ❑ Trespass
- ❑ Wrongful Death

**CONTRACT**
- ❑ Asbestos
- ❑ Breach
- ❑ Business and Commercial
- ❑ Confessed Judgment (Cont'd)
- ❑ Construction
- ❑ Debt
- ❑ Fraud

- ❑ Government
- ❑ Insurance
- ❑ Product Liability

**PROPERTY**
- ❑ Adverse Possession
- ❑ Breach of Lease
- ❑ Detinue
- ❑ Distress/Distrain
- ❑ Ejectment
- ❑ Forcible Entry/Detainer
- ❑ Foreclosure
  - ❑ Commercial
  - ❑ Residential
  - ❑ Currency or Vehicle
  - ❑ Deed of Trust
  - ❑ Land Installments
  - ❑ Lien
  - ❑ Mortgage
  - ❑ Right of Redemption
  - ❑ Statement Condo
- ❑ Forfeiture of Property / Personal Item
- ❑ Fraudulent Conveyance
- ❑ Landlord-Tenant
- ❑ Lis Pendens
- ❑ Mechanic's Lien
- ❑ Ownership
- ❑ Partition/Sale in Lieu
- ❑ Quiet Title
- ❑ Rent Escrow
- ❑ Return of Seized Property
- ❑ Right of Redemption
- ❑ Tenant Holding Over

**PUBLIC LAW**
- ❑ Attorney Grievance
- ❑ Bond Forfeiture Remission
- ❑ Civil Rights
- ❑ County/Mncpl Code/Ord
- ❑ Election Law
- ❑ Eminent Domain/Condemn.
- ❑ Environment
- ❑ Error Coram Nobis
- ❑ Habeas Corpus
- ❑ Mandamus
- ❑ Prisoner Rights
- ❑ Public Info. Act Records
- ❑ Quarantine/Isolation
- ❑ Writ of Certiorari

**EMPLOYMENT**
- ❑ ADA
- ❑ Conspiracy
- ❑ EEO/HR
- ❑ FLSA
- ❑ FMLA
- ❑ Worker's Compensation
- ❑ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ❑ Assumption of Jurisdiction
- ❑ Authorized Sale
- ❑ Attorney Appointment
- ❑ Body Attachment Issuance
- ❑ Commission Issuance

- ❑ Constructive Trust
- ❑ Contempt
- ❑ Deposition Notice
- ❑ Dist Ct Mtn Appeal
- ❑ Financial
- ❑ Grand Jury/Petit Jury
- ❑ Miscellaneous
- ❑ Perpetuate Testimony/Evidence
- ❑ Prod. of Documents Req.
- ❑ Receivership
- ❑ Sentence Transfer
- ❑ Set Aside Deed
- ❑ Special Adm. – Atty
- ❑ Subpoena Issue/Quash
- ❑ Trust Established
- ❑ Trustee Substitution/Removal
- ❑ Witness Appearance-Compel

**PEACE ORDER**
- ❑ Peace Order

**EQUITY**
- ❑ Declaratory Judgment
- ❑ Equitable Relief
- ❑ Injunctive Relief
- ❑ Mandamus

**OTHER**
- ❑ Accounting
- ❑ Friendly Suit
- ❑ Grantor in Possession
- ❑ Maryland Insurance Administration
- ❑ Miscellaneous
- ❑ Specific Transaction
- ❑ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.     ☐ Liability is not conceded, but is not seriously in dispute.     ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000         ☐ $10,000 - $30,000         ☐ $30,000 - $100,000         ☐ Over $100,000

☐ Medical Bills $ _____     ☐ Wage Loss $_____     ☐ Property Damages $ _____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | |
|---|---|---|---|
| A. Mediation | ☐ Yes ☐ No | C. Settlement Conference | ☐ Yes ☐ No |
| B. Arbitration | ☐ Yes ☐ No | D. Neutral Evaluation | ☐ Yes ☐ No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*
### (Case will be tracked accordingly)

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,** if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                Defendant's response

EMERGENCY RELIEF REQUESTED

**COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
MANAGEMENT PROGRAM (ASTAR)**

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under
Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❏ **Expedited** - Trial within 7 months of          ❏ **Standard** - Trial within 18 months of
Defendant's response                                          Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY,
PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

**CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)**

| | |
|---|---|
| ❏ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❏ Civil-Short | Trial 210 days from first answer. |
| ❏ Civil-Standard | Trial 360 days from first answer. |
| ❏ Custom | Scheduling order entered by individual judge. |
| ❏ Asbestos | Special scheduling order. |
| ❏ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ❏ Tax Sale Foreclosures | Special scheduling order. |
| ❏ Mortgage Foreclosures | No scheduling order. |

**CIRCUIT COURT FOR BALTIMORE COUNTY**

| | |
|---|---|
| ❏ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❏ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❏ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❏ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

_____                    _____ _____
Date                                                              Signature of Attorney / Party          Attorney Number

_____                    _____
Address                                                            Printed Name

_____
City          State          Zip Code